# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., a foreign profit corporation doing business as SNAPCHAT and SNAPCHAT, INC.; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of the State of Washington, King County, Case No. 25-2-03854-8 SEA]<br><br>Action Filed: February 7, 2025 |

**TO:**       **THE CLERK OF THE ABOVE-TITLED COURT**

**AND TO:**   **PLAINTIFF AND HIS COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT Defendant Snap Inc. removes this action—with reservation of all defenses and rights—from the Superior Court of the State of Washington for King County, Case No. 25-2-03854-8 SEA, to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

As explained further below, the Court has jurisdiction under the U.S. Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is diversity between the parties (Plaintiff is not a citizen of the same state as Defendant), the aggregate amount in controversy exceeds $5 million, and the class comprises over 100 putative class members.

## I. BACKGROUND

1. On February 7, 2025, Plaintiff John Milito, individually and on behalf of all others similarly situated, filed a Complaint against Defendant Snap Inc. ("Snap") in the Superior Court for King County, Washington, Case No. 25-2-03854-8. True copies of all process, pleadings, or orders in the possession of Snap are attached as **Exhibits 1-5**. No other pleadings have been filed or served in the action.

2. The Complaint asserts a cause of action under RCW 49.58.110 on a class-wide basis on behalf of all individuals who applied for a job opening in the State of Washington with Snap from January 1, 2023 to the present, where the job posting did not disclose a wage scale or salary range. Complaint ¶¶ 49, 50.

## II. REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

3. Snap removes this action based upon the Class Action Fairness Act of 2005, codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable because (1) it is a putative class action in which at least one class member is a citizen of a state different from that of any one defendant, (2) the proposed class exceeds 100 members, and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2)(A); 1441. No defendant identified in the Complaint is a state, officer of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

4. There is no antiremoval presumption in cases invoking CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81. 89 (2014).

### A. **Minimal Diversity is Satisfied**

5. CAFA's minimal diversity requirement is satisfied here because at least one member of the putative class is a citizen of a different state from that of one defendant. 28 U.S.C.

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

§§ 1332(d)(2), 1332(d)(5)(B). Specifically, Plaintiff is a citizen of a state (Washington) that is different from that of Snap (Delaware and California). *See* Complaint ¶ 15.

6. ***Plaintiff's Citizenship.*** Plaintiff alleges he resides in King County, Washington. Complaint ¶ 15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is *prima facie* the domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"). Plaintiff is a citizen of Washington.

7. ***Snap's Citizenship.*** For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Snap's principal place of business is in California. Snap is a corporation incorporated under the laws of the State of Delaware. Therefore, Snap is a citizen of California and Delaware for the purposes of determining diversity of citizenship.

B. **The Putative Class Exceeds 100 Members**

9. CAFA's requirement that the proposed class include no less than 100 members is satisfied here because the alleged putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

10. Plaintiff alleges that on or about February 1, 2025, he applied for a job opening in King County, Washington with Snap that did not disclose the wage scale or salary range being offered. *Id.* ¶¶ 25-26. Plaintiff seeks to represent "[a]ll individuals who, from January 1, 2023, through the date of notice is provided to the Class, applied for a job opening in the State of Washington with Snap Inc., where the job posting did not disclose a wage scale or salary range." Complaint ¶ 39. Plaintiff does not provide an estimated number of class members, but says only that there are "potentially dozens." *Id*. ¶ 41.

11. A preliminary analysis of Snap's records show that more than 1,000 individuals applied to the same job opening that Plaintiff allegedly applied to, which the Complaint alleges was "a job opening in King County, Washington." *Id.* ¶ 25.

C. **The Amount in Controversy Exceeds $5,000,000**

12. CAFA's requirement that the aggregate claims of the individual members of a putative class, or the amount in controversy, exceed $5,000,000, exclusive of interest and costs, is similarly satisfied here. 28 U.S.C. § 1332(d)(6).

13. Snap denies Plaintiff's claims in their entirety and asserts that Plaintiff's single cause of action under RCW 49.58.110 is not amenable to class treatment. Snap denies that Plaintiff's interpretation of RCW 49.58.110 and the damages scheme thereunder is proper. Snap provides the following analysis of potential damages for jurisdictional purposes only, without admitting any liability. Snap bases the below analysis on the allegations in Plaintiff's Complaint, solely to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d). Nothing herein waives any of Snap's defenses or arguments in this action.

14. Plaintiff's Complaint is silent as to the total amount of damages claimed. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.").

15. The defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court, and evidence establishing the amount need *only* be submitted when the defendant's allegation is challenged. *Dart*, 574 U.S. at 87, 89. Thus,

1  Snap is only required to demonstrate that it is plausible that the amount in controversy exceeds
2  $5,000,000.

3   16. Statutory penalties may be considered by the Court when determining the amount
4  in controversy. *See Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 n.3 (9th Cir.
5  2000).

6   17. The Court should also include requests for attorneys' fees in determining the
7  amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.
8  1998).

9   18. An initial review of Snap's records shows that during the proposed class period
10  from January 1, 2023 to the present, more than 1,000 additional applicants applied to the same
11  job posting that Plaintiff allegedly applied to.

12   19. Plaintiff seeks "[s]tatutory damages of $5,000 to Plaintiff and each Class member
13  pursuant to RCW 49.58.070 and RCW 49.58.110." Complaint ¶ 55.

14   20. Accordingly, under Plaintiffs' theory, there are more than $5,000,000 in potential
15  statutory damages at issue. (At least 1,001 alleged class members x $5,000 statutory damages
16  each = $5,005,000.)

17   21. Additionally, Plaintiff seeks "[c]osts and reasonable attorneys' fees." Complaint
18  ¶ 56.

19  **III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

20   22. Snap was served with the Complaint on February 12, 2025. This Notice of
21  Removal is timely because this Notice is filed within 30 days after service of the Complaint. 28
22  U.S.C. § 1446(b).

23   23. The United States District Court for the Western District of Washington is the
24  appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place
25  where Plaintiff originally filed this case, in the Superior Court of Washington for King County.
26  *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Pursuant to Local Rule 3(e)(1), the action should be
27  assigned to the Seattle Division of this Court.

24. Upon filing this Notice of Removal, Snap will promptly furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of Washington for King County, pursuant to 28 U.S.C. § 1446(d).

25. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibits 1-5** are copies of the state-court papers served herein, including copies of all process, pleadings, and orders served upon Defendant.

26. Accordingly, Snap removes to this Court the above action pending in the Superior Court of Washington for King County.

**IV. RESERVATION OF RIGHTS**

53. Snap reserves the right to amend or supplement this Notice of Removal, to present additional argument in support of its entitlement for removal, and to present evidence supporting this Notice in the event this Removal is challenged.

54. Snap intends no admission of fact or liability by this Notice of Removal and does not waive any defenses, objections, or motions available under state or federal law. Further, Snap expressly reserves the right to move for dismissal of some or all of Plaintiff's claims.

Dated: March 4, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Alice R. Hoesterey*
Alice R. Hoesterey (WSBA No. 62122)
*ahoesterey@orrick.com*
401 Union Street, Suite 3300
Seattle, WA  98101-2668
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

*s/Erin M. Connell*
Erin M. Connell (*Pro Hac Vice Forthcoming*)
*econnell@orrick.com*
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700

*Attorneys for Defendant Snap Inc.*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN MILITO

**DEFENDANTS**
SNAP INC., et al.

**(b)** County of Residence of First Listed Plaintiff: King County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Emery Reddy, PLLC, 600 Stewart Street, Suite 1100, Seattle, WA 98101, (206) 442-9106 - See Attached

Attorneys *(If Known)*
Orrick, Herrington & Sutcliffe LLP, 401 Union Street, Suite 3300, Seattle, WA 98101, (206) 839-4300 - See Attached

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [x] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(d)

Brief description of cause:
Violation of Washington pay transparency law (RCW 49.58.110)

## VII. REQUESTED IN COMPLAINT:
- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** to be determined

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: March 4, 2025
SIGNATURE OF ATTORNEY OF RECORD: s/Alice R. Hoesterey

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Attachment - Attorneys of Record:**

For Plaintiff:

Timothy W. Emery (WSBA No. 34078)
Patrick B. Reddy (WSBA No. 34092)
Paul Cipriani (WSBA No. 59991)
Hannah M. Hamley (WSBA No. 59020)
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
(206) 442-9106
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

For Defendant:

Alice R. Hoesterey (WSBA No. 62122)
Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, WA 98101
(206) 839-4300
ahoesterey@orrick.com

Erin M. Connell (*Pro Hac Vice Forthcoming*)
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-5700
econnell@orrick.com