# EXHIBIT 1

FILED
2025 FEB 07 04:05 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-03854-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., a foreign profit corporation doing business as SNAPCHAT and SNAPCHAT, INC.; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DISCRIMINATION** |

Plaintiff John Milito ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against Defendant Snap Inc. ("Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I.     NATURE OF THE EPOA

1. This is a class action lawsuit to remedy Defendant's ongoing violation of Plaintiff and the Class members' civil rights.

2. Effective January 1, 2023, employers with 15 or more employees must disclose, in each posting for each job opening, the wage scale or salary range and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW

49.58.110(1).

3. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

4. This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id.* Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id.*

6. "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement

action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7. "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id.* at 1790.

8. "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id.*

9. On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id.* (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market 2* (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10. This is a class action on behalf of individuals who applied to job openings with the Defendant where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11. Plaintiff and the Class seek injunctive relief to address Defendant's refusal to include a wage scale or salary range in its job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

## II.    JURISDICTION AND VENUE

12. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

13. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendant

resides and transacts business in King County, Washington.

14. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendant; (b) Defendant is registered to conduct business, and regularly transacts business, within Washington; and (c) the alleged conduct of Defendant occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.   PARTIES

15. Plaintiff John Milito resides in King County, Washington and applied for a position with Defendant in the State of Washington.

16. Defendant Snap Inc. is a foreign limited liability company doing business as Snapchat and Snapchat, Inc. Defendant Snap, Inc. regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 110 110th Avenue Northeast, Suite 700, Bellevue, Washington 98004 and 2025 1st Avenue North, Floor 5, Seattle, Washington 98109.

17. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV.   STATEMENT OF FACTS

18. Effective January 1, 2023, all Washington employers with 15 or more employees

are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

19. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

20. Defendant employs more than 15 individuals.

21. From January 1, 2023, to the present, Plaintiff and more than 40 Class members applied to job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

22. Despite RCW 49.58.110 becoming effective January 1, 2023, Defendant continues to withhold pay information in some, if not all, of its job postings for Washington-based positions.

23. As of the date of this filing, Defendant continues to employ discriminatory hiring practices as a result of its ongoing refusal to comply with RCW 49.58.110.

24. Defendant's refusal to post a wage scale or salary range in job postings is a violation of Plaintiff and the Class members' civil rights, as specifically defined by RCW 49.58.110.

25. On or about February 1, 2025, Plaintiff applied for a job opening in King County, Washington with Defendant.

26. The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range being offered.

27. In working through the application, Plaintiff expected that at some point he would learn the rate of pay for the open position.

28. However, Defendant withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

29. A true and correct copy of Defendant's job posting that Plaintiff responded to is attached hereto as Exhibit 1.

30. As a result of Defendant's refusal to publish the wage scale or salary range within the job posting, Plaintiff was unable to determine the rate of pay for the position.

31. As a result of Defendant's refusal to disclose the wage scale or salary range in the job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

32. As a result of Defendant's refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

33. Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

34. Plaintiff has experienced economic and non-economic harm as a direct result of Defendant's discriminatory hiring practices, its violation of RCW 49.58.110, and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes.

35. Plaintiff and the Class are victims of Defendant's discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

36. Defendant engaged in a common course of conduct of failing to disclose the wage scale or salary range in the job postings to which Plaintiff and the Class applied.

37. As a result of Defendant's systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiff.

38. Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

39. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Snap Inc., where the job posting did not disclose a wage scale or salary range.

40. Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

41. <u>Numerosity</u>. There are potentially dozens of Class members who applied for jobs with Defendant within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

42. <u>Commonality</u>. Because the Class members applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendant's actions violate Washington law, and, if so, assessing statutory damages.

43. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members applied for job openings with Defendant that did not disclose the wage scale or salary range being offered.

44. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

45. <u>Predominance</u>. Defendant has engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW

49.58.110. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

46. <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendant's own records.

## VI. CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

47. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

48. As described more fully above, Defendant did not disclose the wage scale or salary range being offered in its job postings seeking workers for its Washington locations.

49. On or after January 1, 2023, Plaintiff and the Class members applied for job openings with the Defendant where the job postings did not disclose the wage scale or salary range being offered.

50. Defendant's actions and omissions violate RCW 49.58.110.

51. As a result of Defendant's actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

52. Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110, as opposed to their actual damages.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 8

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

53. Plaintiff and the Class also seek to recover their costs and reasonable attorneys' fees.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

54. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

55. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

56. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

57. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendant to disclose a wage scale or salary range in job postings for jobs located in Washington;

58. Declaratory relief to the effect that Defendant's failure to disclose in each posting for each Washington job opening the wage scale or salary range violates Washington law;

59. Pre- and post-judgment interest;

60. Leave to amend the Class Action Complaint to conform to the evidence; and

61. Any additional or further relief which the Court deems equitable, appropriate, or just.

///
///
///
///
///
///

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 9

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

| | | |
|---|---|---|
| DATED February 7, 2025 | | EMERY | REDDY, PLLC |
| | By: | */s/ Timothy W. Emery* |

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff*

# EXHIBIT 1



### Data Engineer, 1+ Years of Experience

**Apply**

- Palo Alto, California
- Seattle, Washington
- Los Angeles, California

- Full time
- Posted 3 Days Ago
- R0038588

Snap Inc is a technology company. We believe the camera presents the greatest opportunity to improve the way people live and communicate. Snap contributes to human progress by empowering people to express themselves, live in the moment, learn about the world, and have fun together. The Company's three core products are Snapchat, a visual messaging app that enhances your relationships with friends, family, and the world; Lens Studio, an augmented reality platform that powers AR across Snapchat and other services; and its AR glasses, Spectacles.

Snap Engineering teams build fun and technically sophisticated products that reach hundreds of millions of Snapchatters around the world, every day. We're deeply committed to the well-being of everyone in our global community, which is why our values are at the root of everything we do. We move fast, with precision, and

**About Us**



A Decade of Snap: Learn about our origin story, values, mission, culture of innovation, and more.

CitizenSnap: In our third annual

Read More ∨

---

### Data Engineer, 1+ Years of Experience

**Apply**

Snap Engineering teams build fun and technically sophisticated products that reach hundreds of millions of Snapchatters around the world, every day. We're deeply committed to the well-being of everyone in our global community, which is why our values are at the root of everything we do. We move fast, with precision, and always execute with privacy at the forefront.

We're looking for a Data Engineer to join our Decision & Insights Team!

What you'll do:

- Work closely with stakeholders in engineering, product, data science, and governance to make high quality datasets available to consumers in a timely manner
- Develop scalable data ETL pipelines that automate manual data processes, optimize data delivery, and adhere with privacy and governance principles
- Implement and manage data warehousing solutions and ensure data integrity and quality through rigorous testing and validation
- Build tooling and implement systems to overcome limitations of the data consumption portals when appropriate
- Implement and maintain data security practices to ensure data privacy and protection, and compliance with data governance policies and regulations.

Knowledge, Skills & Abilities:

- Experience in building data pipelines to serve reporting needs
- Experience owning all or part of a team roadmap
- Ability to prioritize requests from multiple stakeholders in disparate domains
- Ability to effectively communicate complex projects to non-technical stakeholders

Minimum Qualifications:

- BS/BA degree in Computer Science, Math, Physics, or a related field, or equivalent years of

CitizenSnap: In our third annual

Read More ∨



### Data Engineer, 1+ Years of Experience

**Apply**

- BS/BA degree in Computer Science, Math, Physics, or a related field, or equivalent years of experience in a relevant field
- 1+ year experience in SQL or similar languages
- 1+ years development experience in at least one object-oriented or scripting language (Python, Java, Scala, etc)

Preferred Qualifications:

- Hands-on experience with Google BigQuery, Spark, and Hadoop
- Experience in version control systems such as Git, and workflow management tools such as Airflow
- Experience in ETL tools and data architecture and warehousing experience
- Experience leading a small team of data or software engineers
- Strong analytical and problem-solving skills
- Excellent communication and teamwork abilities
- Attention to detail and commitment to data quality

If you have a disability or special need that requires accommodation, please don't be shy and provide us some information.

"Default Together" Policy at Snap: At Snap Inc. we believe that being together in person helps us build our culture faster, reinforce our values, and serve our community, customers and partners better through dynamic collaboration. To reflect this, we practice a "default together" approach and expect our team members to work in an office 4+ days per week.

At Snap, we believe that having a team of diverse backgrounds and voices working together will enable us to create innovative products that improve the way people live and communicate. Snap is proud to be an equal opportunity employer, and committed to providing employment opportunities regardless of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, pregnancy, childbirth and breastfeeding, age,



### Data Engineer, 1+ Years of Experience

**Apply**

marital status, sex, gender, gender identity, gender expression, pregnancy, childbirth and breastfeeding, age, sexual orientation, military or veteran status, or any other protected classification, in accordance with applicable federal, state, and local laws. EOE, including disability/vets.

Our Benefits. Snap Inc. is its own community, so we've got your back! We do our best to make sure you and your loved ones have everything you need to be happy and healthy, on your own terms. Our benefits are built around your needs and include paid parental leave, comprehensive medical coverage, emotional and mental health support programs, and compensation packages that let you share in Snap's long-term success!

Compensation
In the United States, work locations are assigned a pay zone which determines the salary range for the position. The successful candidate's starting pay will be determined based on job-related skills, experience, qualifications, work location, and market conditions. The starting pay may be negotiable within the salary range for the position. These pay zones may be modified in the future.

Zone A (CA, WA, NYC):
The base salary range for this position is $0-$0 annually

Zone B:
The base salary range for this position is $0-$0 annually.

Zone C:
The base salary range for this position is $0-$0 annually.

This position is eligible for equity in the form of RSUs.

21



22